UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00757-FDW

| | |
|---|---|
| IN RE: ) | |
| ) | **ORDER** |
| KATRINA BURTON ) | |
| ) | |

THIS MATTER is before the Court upon the recommendation from the United States Bankruptcy Court for the Western District of North Carolina, Charlotte Division, that this Court withdraw the reference of the contempt proceedings in the matters of In Re Bodrick, Case No. 14-31516, and In Re Wright, Case No. 14-31542, to consider whether to institute criminal contempt proceedings against Katrina Burton. (Doc. No. 1).

After issuing a Show Cause Order, the Bankruptcy Court conducted two evidentiary hearings on January 15, 2015, and March 20, 2015, where Ms. Burton appeared and testified. It was not until almost a year later on April 14, 2016, that the Bankruptcy Court for the Western District of North Carolina entered an order finding that Katrina Burton negligently and fraudulently prepared bankruptcy petitions and engaged in the unauthorized practice of law in two separate bankruptcy cases ("Sanctions Order"). See In Re Wright, 14-31542, Doc. No. 79.[1] In that Order, the Bankruptcy Court ordered Katrina Burton to pay sanctions in the amount of (1) $400 to A. Burton Shuford, the Chapter 7 Trustee in the underlying case for Tena Evans Bodrick (Case No. 14-31516); (2) $584 to Warren Tadlock, the Chapter 13 Trustee in the other underlying case for Kimberly Wright (Case No. 14-31542); and (3) $2,000 to each debtor in those cases – Ms. Bodrick and Ms. Wright. Id.

---

[1] The Bankruptcy Court's Order was double-captioned so as to be identical and filed in each case. For ease of reference, the Court references the documents and docket numbers from the case of In Re Wright, Case No. 14-31542.

1

Following issuance of the Sanctions Order, Burton never appeared at two separate hearings aimed at identifying whether she had complied with the sanctions ordered therein. See In Re Wright, 14-31542, Doc. No. 105. As of at least October 25, 2016, Burton had not paid either of the two Bankruptcy Trustees. Id. It does not appear from the bankruptcy court record whether either of the two Debtors appeared at these hearings or whether Burton has complied with the sanctions order directing payments to the Debtors. In light of Burton's failure to appear at either of these hearings and her failure to comply with its Sanctions order, the Bankruptcy Court recommended the case be withdrawn to this Court on November 1, 2016, for consideration of criminal contempt. Id.

On November 7, 2016, this Court entered Order to show cause as to why Burton should not be held in criminal contempt and also setting a hearing for December 6. (Doc. No. 2). The Order was sent via certified mail to a Post Office Box address noted in the, as well as to a physical address also appearing in the Bankruptcy Court's records. Additionally, the United States Marshal Service attempted personal service on Burton at her last known physical address. The Marshals returned service of the Order as unexecuted because the apartment located at the last known physical address was vacant. (Doc. No. 3). The certified mail sent to the Post Office Box was never claimed, according to online tracking information.

Burton did not appear at this Court's hearing set for December 6, 2016, and the Court issued a bench warrant (Doc. No. 4). By oral ruling, the Court also referred the matter to the United States Attorney's Office for consideration of criminal contempt charges.

Upon her arrest on December 9, 2016, the Court promptly scheduled a hearing for December 12, 2016, where Burton appeared *pro se*. During the hearing, Burton indicated she had

never received the Court's Sanctions Order and, because of that, she had not made any payments in compliance with the Sanctions Order. Following the hearing and opportunity to be heard, the Court released Burton from custody and informed her that this matter had been referred to the United States Attorney's Office for consideration of criminal contempt charges.

Moreover, pursuant to the Court's civil contempt powers and ability to enforce its own orders, the Court specifically ordered Burton to make monthly installment payments of $50, beginning January 1, 2017, and due the first day of each month, to both Trustees, Warren Tadlock and A. Burton Shuford until they had been fully paid the amount awarded in the Sanctions Order. Once the Bankruptcy Trustees had been paid, Burton was ordered to then begin monthly installment payments of $50, also due the first day of each month, to both Debtors, Tena Evans Bodrick and Kimberly Wright until they had been fully paid the $2,000 awarded in the Sanctions Order. Burton indicated she understood this Court's Order and indicated she would likely file bankruptcy. Burton then asked what impact that would have on this Order, specifically inquiring as to whether any filing would result in an automatic stay of her obligation to pay the amounts under the Sanctions Order and this Order. This Court informed her that in light of the circumstances of this case and Burton's conduct before the Bankruptcy Court, the Court would have "cause" to grant relief from an automatic stay should she file for bankruptcy such that Burton would still be required to make payments as set forth herein. See 11 U.S.C. §§ 105(a), 362(d).

IT IS THEREFORE ORDERED that

(1) Beginning January 1, 2017, Katrina Burton shall pay $50 a month, payable by certified check and due by the first day of the month, to both Warren L. Tadlock and A. Burton Shuford until Burton has paid Mr. Tadlock $584 and Mr. Shuford $400.

(2) Once Burton completes the final payment to Mr. Shuford, and no later than October 1, 2017, Burton shall immediately begin making monthly installment payments of $50, payable by certified check and due by the first day of the month, to Tena Evans Bodrick. Such payments shall continue until Ms. Bodrick is paid $2,000, which shall be completed by February 1, 2021.

(3) Once Burton completes the final payment to Mr. Tadlock, and no later than January 1, 2018, Burton shall immediately begin making monthly installment payments of $50, payable by certified check and due by the first day of the month, to Kimberly Wright. Such payments shall continue until Ms. Bodrick is paid $2,000, which shall be completed by May 1, 2021.

(4) Mr. Tadlock, Mr. Shuford, Ms. Bodrick, and Ms. Wright are hereby ordered to immediately inform this Court if they fail to receive payment as ordered herein by the first day of each month. These individuals shall keep Burton and this Court apprised of their current physical address so that Burton can make timely payment. Furthermore, these individuals shall also immediately inform the Court once Burton completes the final payment as provided herein.

(5) Burton shall keep this Court informed, in writing, of her current physical address.

(6) The Court reserves the right to immediately accelerate or otherwise modify the payment terms stated herein.

(7) Pursuant to 11 U.S.C. § 105(a) and § 362(d), the Court specifically finds that in light of the circumstances of this case and Burton's conduct before the Bankruptcy Court,

this Court has "cause" to grant relief from an automatic stay on Burton's obligations under the Sanctions Order and this Order should she file for bankruptcy.

(8) Other than the payment plan outlined herein, all other terms of the Sanctions Order issued by the Bankruptcy Court shall remain in effect as if fully set forth and incorporated herein.

(9) Burton is hereby cautioned that failure to comply with the terms of this Order will constitute civil contempt, which could result in the Court's issuance of a bench warrant or further referring her conduct to the United States Attorneys' Office for investigation and possible prosecution for criminal contempt.

(10) The Clerk's Office is respectfully directed to serve a copy of this Order on the following people, according to their address of record in the relevant Bankruptcy proceedings noted above:
   a. Warren L. Tadlock, 5970 Fairview Road, Suite 650, Charlotte, NC 28210;
   b. A. Burton Shuford, 4700 Lebanon Road, Suite #A-2, Mint Hill, NC 28227;
   c. Tena Evans Bodrick, 5407 Amado Street, Charlotte, NC 28215;
   d. Kimberly Wright, 1900 Duke Adams Street, Kannapolis, NC 28083.

(11) The Clerk's Office is also respectfully directed to have the United States Marshal Service personally serve a copy of this Order and the Sanctions Order (Doc. No. 1 on the docket in this case) on Burton at her current address as stated in open court: 8611 Concord Mills Boulevard, #136, Concord, North Carolina 28027. A copy of this Order and the Sanctions Order shall also be sent to that address via certified mail.

(12) The Clerk's Office is also respectfully directed to serve a copy of this Order on the Clerk of Court for the Bankruptcy Court for the Western District of North Carolina, so that a copy may be docketed in both <u>In Re Bodrick</u>, 14-31516, and <u>In Re Wright</u>, 14-31542.

IT IS SO ORDERED.

Signed: December 14, 2016

Frank D. Whitney
Chief United States District Judge